[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Action to foreclose a mortgage given as security for a guaranty of a note dated January 4, 1978 (Exh. A). The note was due and payable on January 4, 1990, after 144 consecutive monthly installment payments. The note provided that the "monthly installments shall be applied first on account of the interest then due at the rate of 10% per annum on the unpaid balance of the principal sum, and the remainder thereof should be applied to said principal until same is paid in full."
A guaranty of the note, executed by the named corporate defendant, no longer a defendant in this case, was made by the named defendants R. Wilcox and C. Wilcox (Exh. B) was introduced into evidence without objection. The guaranty (Exh. B) provides inter alia that the guarantors would pay all interest and damages upon said note including attorneys fees for costs of collection, etc., upon default by the maker. A mortgage securing the guaranty was executed by the guarantors on property sought to be foreclosed (Exh. C).
The defendant R. Wilcox testified there was a debt due by him and C. Wilcox pursuant to the guarantee.
The maker made payments until some time in 1982 when it filed for protection under Chapter XI provisions of the U.S. Bankruptcy Act and then it converted to Chapter VIII (straight liquidation) sometime in 1983. Since that time, the payments that have been made were made by the individual defendants. There was no offer of proof and it does not seem material about the balance due at the time of default by the maker and how many payments have since been made by the individual defendants.
At trial, the parties stipulated that 122 full payments of $623.88 were made, the last being made on October 30, 1990.
"The single most substantial issue is the balance due by the guarantors and the appropriate method of arriving at that figure." (defendant Wilcox Memorandum of Law, page 1)
Exhibit E introduced at trial the account ledger of the note was testified to by an account officer, Bruce Jacobson, of the plaintiff.
The defendant R. Wilcox testified that the payments made pursuant to an amortization schedule (Exh. 2) were not made due from the last payment date to the present date on the note, at the rate of 12% annually amounts to $5,062.34 (19 months and 10 days). Further allowable costs in the action are found to be $333.20, advances for insurance and appraisal fees. Accordingly, the debt found is $29,511.65. CT Page 6662
A decree of foreclosure is entered. The court reserves jurisdiction to fix a sale date or law day for redemption and attorneys fees.
/s/ Meadow, J. FRANK S. MEADOW